IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY, KANSAS

| | |
|---|---|
| ARMOUR D. STEPHENSON, III, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| HONEYWELL INTERNATIONAL INC., et al., | ) |
| | ) |
| Defendants. | ) |
| INGRID KELLY-KINGSTON, | )    Case No: 07-2494-JWL-DLW |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HONEYWELL INTERNATIONAL INC., et al., | ) |
| | ) |
| Defendants. | ) |
| HOLLY HAGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HONEYWELL INTERNATIONAL INC., et al., | ) |
| | ) |
| Defendants. | ) |
| ANNETTE HOLZER, VINCENT HOLZER, et al. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HONEYWELL INTERNATIONAL INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **STIPULATED PROTECTIVE ORDER**

This is a consolidated action in which the various Plaintiffs have made claims for survival and wrongful death arising from a plane crash on January 21, 2005 in Overland Park, Johnson County, Kansas.

The Plaintiffs have and likely will continue to seek discovery from the Defendants Honeywell International Inc. (Honeywell) and Goodrich Pump & Engine Control Systems, Inc. (GPECS). The discovery that the Plaintiffs have sought, and are expected to seek in the future, from the Defendants includes documents and tangible things such as engineering drawings and reports, technical memoranda and correspondence containing proprietary data and information. In addition, the Defendants may produce similar documents and tangible things as part of their respective F.R.C.P. 26(a)(1) disclosures. In many instances these documents and tangible things contain or depict trade secrets or other technical, financial, research, development or commercial information that is confidential and/or proprietary to the respective Defendants. Permitting unlimited disclosure of these documents and tangible things would undermine the Defendants' competitive position in their respective markets by giving their competitors access to valuable proprietary information that has heretofore remained confidential, and cause the Defendants other damage, harm or loss. In order to preserve and maintain the confidentiality of certain documents and tangible things to be identified and produced in this case by the Defendants, and any and all subsidiaries, with the agreement of the parties, and for good cause shown, the Court enters this Protective Order.

1.      This Protective Order shall apply to the following categories of documents, electronically stored information, tangible things and materials:  engineering drawings, blueprints, reports, memoranda, and other written transmittals of information (in the form of facts, ideas, opinions, and/or inquiries) which incorporate proprietary financial, engineering, design, and/or manufacturing information the disclosure of which could damage the Defendants and/or their subsidiaries competitively. Any documents, tangible things or materials generally identified in the preceding sentence that is to be produced by Honeywell and/or GPECS in this

litigation may be designated as Protected Documents.  Honeywell and GPECS shall designate such materials in a manner that does not cover or otherwise obscure any of their content (e.g., documents shall be stamped or labeled at the top or bottom margins of the page whenever possible, but not over text).  When used in this Order, the word "documents" means all written material, electronically stored information, videotapes and all other tangible items.  Except as otherwise indicated in this order, documents designated by the producing party as Protected Documents shall be given confidential treatment as set forth below and will be referred to as "Protected Documents."   Honeywell and GPECS are required to use good faith in marking documents and materials "Confidential" or "Subject to Protective Order" and shall do so only as to those documents, tangible things and materials generally identified in this paragraph and that they believe, in the exercise of good faith, contain confidential information.

2.     Protected documents shall not include (a) advertising materials, (b) materials that have been published to the general pubic, or (c) documents that have been submitted without request for confidential treatment to any private or public person, entity or governmental agency (unless deemed confidential by pertinent statute, regulation or regulatory body practice), including documents or materials produced in connection with litigation.

3.     Nothing in this Order should be construed to prevent the parties from agreeing to a modification of its terms with Court approval.  Furthermore, any party to this agreement may apply to the Court for a modification of this Order, and nothing in the Order shall be deemed to prejudice their rights to seek modification.

4.     The burden of proving that a Protected Document contains proprietary, confidential or technical information is on the party seeking the protection of this Order.  If plaintiffs believe any designation of any materials as a Protected Document is not warranted,

3

plaintiffs will notify counsel for the producing party in writing. Any such challenge must be made no later than ten (10) days after plaintiffs' actual receipt of the materials in question. Within ten (10) days of the date of any such written notice, the parties shall meet and confer in person or by telephone about the challenge and attempt to informally resolve the challenge. If the parties are unsuccessful in attempting to informally resolve the challenge, no later than thirty (30) days after the date of the written notice, the party seeking the protection of this Order shall file a Motion for Protective Order pursuant to Rule 26(c)(1)(G) for the purpose of determining whether the challenged documents are entitled to protection of this Order. The party seeking confidential treatment of the document shall have the burden of establishing its claims of confidentiality for the documents at issue in any such motion. Any document designated as a Protected Document shall remain protected by this Order until the Court enters a ruling on the matter. If no Motion for Protective Order is filed within thirty (30) days of the date of any written notice made pursuant to this paragraph, or if the Motion is withdrawn, the documents challenged by plaintiffs in the written notice shall no longer be protected by this Order and plaintiffs may redact any stamped "Confidential" or "Subject to Protective Order" designation.

5. For documents entitled to confidential treatment, both the Protected Documents and the information contained therein shall be treated as confidential. Except upon the prior written consent of the parties or upon further Order of this Court, neither the parties, nor their representatives may show, copy, disseminate, communicate or disclose the Protected Documents or any information contained therein to any person whatsoever other than to the following persons ("Qualified Persons"):

a. Their respective counsel of record and supervisory counsel in this action and defendants' insurers;

b. employees of such counsel assigned to and necessary to assist such counsel in the preparation or trial of this action;

2217342.06

c.      independent witnesses, experts and consultants retained by the parties whose assistance is necessary for the preparation or trial of this specific action;

d.      the Court, the Court's staff, the parties, witnesses and the jury in this case.

6.      The parties have advised the Court that they have agreed that any such Qualified Persons (with the exception of those identified in paragraph 5(d)) shall be required to sign and agree to the terms of the Confidentiality and Non-Disclosure Agreement (attached as Exhibit A) before any such Qualified Persons may be given access to any of the Protected Documents or the information contained therein.

7.      Upon conclusion of this action, all original Protected Documents shall be returned to counsel for the producing party.  All copies of Protected Documents that have been provided to any person pursuant to paragraph 5(c) above shall be collected by plaintiffs' counsel who shall destroy them and provide the producing parties with an affidavit certifying that all copies of such materials have been returned to him and destroyed.

8.      To the extent that Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order and such documents attached to the depositions shall be maintained under seal by the clerk or court reporter.  It shall be the responsibility of the producing party to notify court reporters at the deposition involved, or in writing and with a copy of the letter sent to counsel for the plaintiffs, of this provision no later than fifteen (15) days after the conclusion of any deposition at which Protected Documents or information contained therein are addressed. The failure of the producing party to timely notify a court reporter shall constitute a waiver of confidentiality with respect to any Protected Documents or testimony regarding such documents used during that deposition.

9.      This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial or court hearing, through the receipt of Protected Documents into evidence, or through the testimony of witnesses.  In the event a party desires to have a document protected as confidential or filed under seal in any court hearing or trial, that party shall make a separate motion to the Court seeking such protection.

10.      In the event that Protected Documents are attached to pleadings that a party intends to file with the Court, the party seeking to file confidential information must first file a motion with the Court seeking leave to file the particular document under seal.

11.      This Order shall be binding upon the parties hereto, upon their attorneys, and any other person receiving such Protected Documents pursuant to paragraph six (6) of this Order, their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors or other persons or organizations over which they have control.

|  |  |
|---|---|
|  | s/David J. Waxse |
| DATED: April 8, 2008 | David J. Waxse |
|  | United States Magistrate Judge |

2217342.06

Approved:

John Cowden
Baker Sterchi Cowden & Rice
2400 Pershing Road, Ste. 500
Kansas City, MO 64108
Attorneys for Goodrich Pump & Engine Control Systems, Inc.

Kirk R. Presley
Monsees, Miller, Mayer, Presley & Amick
4717 Grand Avenue, Ste. 820
Kansas City, MO 64112
Attorneys for Plaintiffs Stephenson, Hagan and Holzer

R. Douglas Gentile
Douthit, Frets, Rouse, Gentile & Rhodes
903 E. 104th Street, Ste. 610
Kansas City, MO 64131
Attorneys for Plaintiff Kelly-Kingston

William L. Yocum
Shughart Thomson & Kilroy
32 Corporate Woods, Ste. 100
9225 Indian Creek Parkway
Overland Park, KS 66210
Attorneys for Honeywell International Inc.

2217342.06