DJW/sr

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ARMOUR D. STEPHENSON, III, et al.,

                Plaintiffs,

v.

HONEYWELL INTERNATIONAL INC., et al.,

                Defendants.

CIVIL ACTION

No. 07-2494-JWL-DJW

---

INGRID KELLY-KINGSTON,

                Plaintiff,

v.

HONEYWELL INTERNATIONAL INC. et al.,

                Defendants.

---

HOLLY HAGAN,

                Plaintiff,

v.

HONEYWELL INTERNATIONAL INC. et al.,

              Defendants.

---

ANNETTE HOLZER, VINCENT HOLZER, et al.,

                Plaintiffs,

v.

HONEYWELL INTERNATIONAL INC. et al.,

              Defendants.

## **ORDER**

Pending before the Court is the Defendants' Joint Motion for Consolidation and Bifurcation on Issues of Liability and Damages (doc. 21) filed by Defendants Honeywell International Inc. and Goodrich Corporation and its subsidiary Goodrich Pump & Engine Control Systems, Inc. (collectively, "Defendants") in Case No. 07-2494-JWL-DJW.  On January 1, 2008, upon agreement of the parties, the Court consolidated, for discovery purposes, Case Nos. 07-2494, 07-2497, 07-2498, 07-2499 and 07-2501 and ordered that the claims of Annette Rosser Holzer be joined with the claims of Tara and Vincent Holzer and the Estate of Kevin Holzer in one proceeding (doc. 19).  The Court further ordered all pleadings to be filed in Case No. 07-2494-JWL-DJW (doc. 19).  Defendants now seek to consolidate these same cases for the purposes of trial and further ask that the Court bifurcate the trial of the consolidated actions into separate liability and damages phases.  The Court took up Defendants' Joint Motion to Consolidate during a telephone conference conducted on July 18, 2008.

Federal Rule of Civil Procedure 42(a) allows a court to consolidate "any or all the matters in issue in the actions" if the actions involve a "common question of law or fact."  The decision whether to consolidate such actions is left to the sound discretion of the trial court.[1]  After reviewing the pleadings and after consulting with the District Judge of the lead case, the Court finds that consolidation for trial purposes would serve the interests of judicial economy.  The Court will therefore grant the Motion to Consolidate.  The Court denies, without prejudice to refiling at a later date, Defendants' request to bifurcate the trial of the consolidated actions into separate liability and damages phases.

---

[1] *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion for Consolidation and Bifurcation on Issues of Liability and Damages (doc. 21) filed in Case No. 07-2494-JWL-DJW is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Case No. 07-2494-JWL-DJW is consolidated for all proceedings, including trial, with Case Nos. 07-2494, 07-2497, 07-2498, 07-2499 and 07-2501.

**IT IS FURTHER ORDERED** that *Stephenson v. Honeywell International Inc.*, Case No. 07-2494-JWL-DJW, shall be designated the lead case.

**IT IS FURTHER ORDERED** that the Defendants' motion to bifurcate the trial of the consolidated actions into separate liability and damages phases is denied without prejudice to refiling at a later date.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 23rd day of July 2008.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties