IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARMOUR D. STEPHENSON, III, et al., )
                                   )
                   Plaintiffs,     )
                                   )
v.                                 )   Case No. 07-2494-JWL
                                   )
HONEYWELL INTERNATIONAL, INC.,     )
                                   )
                   Defendant.      )
                                   )
_____)

**MEMORANDUM AND ORDER**

This diversity action, removed from state court, arises out of an airplane crash occurring on January 21, 2005, in Overland Park, Kansas, that resulted in the deaths of the pilot and all four passengers. This consolidated action encompasses the wrongful death and survival claims under Kansas law of the heirs and estates of the four passengers against defendant Honeywell International, Inc., whose predecessor company manufactured the airplane's engines.[1] The matter is presently before the Court on plaintiffs' motion for partial summary judgment relating to the survival claims for negligently-inflicted, pre-impact emotional distress,[2] or alternatively, for certification of

---

[1] The pilot's claims and the claims against a fuel pump manufacturer have been settled.

[2] The estates for three of the passengers brought survival claims in this case. Although only those claims are at issue here, the Court refers to movants generally as "plaintiffs" for ease of reference in this opinion.

a question to the Kansas Supreme Court (Doc. # 141); and defendant's motion for summary judgment on those same claims (Doc. # 147). The Court concludes that plaintiffs have not submitted evidence of physical injuries resulting from decedents' alleged pre-impact emotional distress, and that therefore plaintiffs may not recover for such distress under Kansas law. The Court also declines to certify a question to the Kansas Supreme Court. Accordingly, the Court **denies** plaintiffs' motion in its entirety, **grants** defendant's motion, and awards defendant summary judgment on plaintiffs' survival claims for pre-impact emotional distress.

## I.    Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006). An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way." *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006). A fact is "material" when "it is essential to the proper disposition of the claim." *Id*.

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Thom v.*

*Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant may not simply rest upon his or her pleadings but must "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof." *Garrison v. Gambro*, Inc., 428 F.3d 933, 935 (10th Cir. 2005). To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

## II.     Plaintiffs' Motion for Partial Summary Judgment

In their motion for "partial summary judgment" under Fed. R. Civ. P. 56, plaintiffs do not actually seek a judgment in their favor on any particular claim; rather,

they request "a finding that there **is** a jury-submissible genuine issue of material fact regarding the emotional and physical suffering of the three decedents before impact and, specifically, an issue allowed by Kansas law." In effect, then, plaintiffs seek a declaration or advisory opinion from the Court that a motion for judgment as a matter of law by defendant on these claims would be unsuccessful. Rule 56, however, does not authorize a motion seeking any relief other than summary judgment in the movant's favor. Plaintiffs have not provided any authority suggesting that a court could grant the kind of relief plaintiffs request here. Accordingly, the Court denies plaintiffs' motion for "partial summary judgment."

### III.     Analysis of Survival Claims for Pre-Impact Emotional Distress

Despite the procedural deficiency of plaintiffs' motion, the Court does address plaintiffs' question—whether plaintiffs have sufficient evidence to create a jury issue on their survival claims for pre-impact emotional distress—because defendant has filed its own motion for summary judgment on those claims. Defendant argues that plaintiffs cannot produce evidence of physical injuries resulting from the alleged pre-impact emotional distress suffered by decedents sufficient to support a claim under Kansas law. In opposition to defendant's motion and in support of their claims, plaintiffs have submitted only the following evidence: affidavits stating that decedents died upon impact of the airplane with the ground; an expert's testimony that 21 seconds elapsed between the failure of an engine and the impact; and the following deposition testimony

by Dr. Carlos Diaz, an expert medical witness:

> The passengers . . . were not pilots. They were probably people who didn't think much about airplanes, and who had the usual sort of hesitation in flying because of a little bit of fear of flying, but they trusted the pilot. They trusted what was going on.
>
> And – And they were – They were – It was a very happy occasion, as you know. They were given this flight as a gift. And they were also a little older. They were older than the pilot.
>
> And – And they're sitting strapped in the back completely helpless. They – They can't do – At least the pilot can try to save the plane and is trying to do something. They can do nothing.
>
> The plane was – was turning and moving, throwing them against their seat belts. They are fearing for their lives, even above and beyond the fear of a pilot, the fear of almost phobic fear that people who are not pilots may have about an aircraft accident.
>
> They are probably not in real good physical shape. They're very tachycardiac from the fear. They're feeling a lot of rapid heart rate. They're feeling a lot of sensation of shortness of breath, difficulty breathing and tightness in their chest. I mean, they're feeling physical symptoms associated with essentially a panic about impending death.

Thus, plaintiffs have submitted evidence that decedents likely suffered a rapid heart rate (i.e., were "tachycardiac") and difficulty breathing (including shortness of breath and tightness in the chest).[3]

---

[3] Plaintiffs complain that defendant has merely objected to Dr. Diaz's testimony without providing any contrary evidence that decedents suffered no physical injuries. As noted above, however, the movant's burden is merely to point to a lack of evidence. Defendant, in arguing that Dr. Diaz's testimony is inadmissible and in alternatively arguing that such evidence is nevertheless insufficient to support a claim under Kansas law, has met that burden. Plaintiffs bear the burden to prove these claims at trial, and thus plaintiffs bear the burden of producing evidence to support the claims at this stage.
(continued...)

"Recovery for emotional distress has generally been limited in Kansas." *Hopkins v. State*, 237 Kan. 601, 612, 702 P.2d 311, 320 (1985). "It has long been the general rule in Kansas that there can be no recovery for emotional distress suffered by the plaintiff which is caused by the negligence of the defendant unless it is accompanied by or results in physical injury to the plaintiff." *Hoard v. Shawnee Mission Med. Ctr.*, 233 Kan. 267, 274, 662 P.2d 1214, 1219-20 (1983); *see also Fusaro v. First Family Mtge. Corp.*, 257 Kan. 794, 806, 897 P.2d 123, 131 (1995) (no recovery unless "accompanied by or resulting in physical injury"); *Humes v. Clinton*, 246 Kan. 590, 598-99, 792 P.2d 1032, 1038 (1990) (same); *Hopkins*, 237 at 612-13, 702 P.2d at 320 (same). The Kansas Supreme Court has noted the following reasons for the "physical injury" requirement:

> The temporary emotion of fright, so far from serious that it does no physical harm, is so evanescent a thing, so easily counterfeited, and usually so trivial, that the courts have been quite unwilling to protect the plaintiff against mere negligence, where the elements of extreme outrage and moral blame which have had such weight in the case of the intentional tort are lacking.

*Hoard*, 233 Kan. at 274, 662 P.2d at 1220 (quoting Prosser, *Law of Torts* § 54, at 329 (4th ed. 1971)); *see also* Restatement (Second) of Torts § 456A, cmt. b (listing the same three reasons for the requirement of physical injury, i.e., the normally trivial and

---

[3](...continued)
Plaintiffs have produced only the evidence stated above in opposition to summary judgment.

Because the Court concludes that the condition described by Dr. Diaz does not constitute "physical injury" sufficient to support plaintiffs' claims for pre-impact emotional distress, the Court need not rule on defendant's argument that Dr. Diaz's testimony is speculative and therefore inadmissible.

6

evanescent nature of emotional disturbance, the ease of counterfeiting it, and the lack of intent); *Bowman v. Doherty*, 235 Kan. 870, 875-76, 686 P.2d 112, 118 (1984) (citing these reasons from this comment of Restatement § 436A).[4]

The issue then becomes whether the physical symptoms present here—rapid heart rate and difficulty breathing—may provide the "physical injury" required under Kansas law. In *Hopkins*, the Kansas Supreme Court held that the plaintiffs, who alleged physical distress in the form insomnia, headaches, weight gain, and general physical upset, did not suffer the physical injury or impact necessary for recovery. *See Hopkins*, 237 Kan. at 612-13, 702 P.2d at 319-20). Subsequently, the supreme court cited *Hopkins* in noting that "[g]eneralized physical symptoms of emotional distress such as headaches and insomnia are insufficient to state a cause of action." *Anderson v. Scheffler*, 242 Kan. 857, 860, 752 P.2d 667, 669 (1988) (affirming summary judgment where plaintiff suffered only shock, emotional pain, guilt, recurring nightmares, and depression). Last year, in *Ware ex rel. Ware v. ANW Special Educational Cooperative No. 603*, 39 Kan. App. 2d 397, 180 P.3d 610 (2008), the Kansas Court of Appeals reviewed Kansas cases concerning the "physical injury" requirement and held that the standard was not satisfied in that case by evidence that the plaintiff suffered nightmares, anxiety, nervousness, trembling, weight gain, sleeping difficulties, and vomiting. *See id.* at 401-04, 180 P.3d

---

[4]The requirement of a physical injury does not apply for willful, wanton, or intentional conduct, *see Hoard*, 233 Kan. at 274, 662 P.2d at 1220, but plaintiffs have alleged only negligence in the present case.

at 614-15; *see also Dill v. Barnett Funeral Home, Inc.*, 2004 WL 292124, at *3 (Kan. Ct. App. Feb. 13, 2004) (unpub. op.) (cited in *Ware*) (finding insufficient evidence of plaintiff's lack of sleep, recurring dreams, and general fatigue); *Reynolds v. Highland Manor, Inc.*, 24 Kan. App. 2d 859, 861-62, 954 P.2d 11, 14 (1998) (no recovery under "physical injury" standard for plaintiff who claimed to have suffered headaches, diarrhea, nausea, crying, shaking, stress, tense muscles, and decreased sexual relations).[5]

The Court concludes that the rapid heart rate and difficulty breathing suffered by decedents in the present action do not constitute "physical injury," but instead represent the kind of generalized symptoms of emotional distress for which recovery has been denied under Kansas law. In fact, this Court has previously held that those very symptoms do not satisfy the physical injury requirement. *See Holdren v. General Motors Corp.*, 31 F. Supp. 2d 1279, 1285 (D. Kan. 1998) (Lungstrum, J.) (plaintiff claimed difficulty breathing, as well as weakness, fatigue, headaches, gastrointestinal discomfort, affected nerves, and sexual dysfunction); *Schweitzer-Reschke v. Avnet, Inc.*, 874 F. Supp. 1187, 1197 (1995) (Lungstrum, J.) (plaintiff claimed rapid heartbeat, shortness of breath, and a feeling that she could not breathe, as well as diarrhea, vomiting, and anxiety); *see also Gilliam v. USD No. 244 Sch. Dist.*, 397 F. Supp. 2d

---

[5]Moreover, the *Ware* court refused to abolish the "physical injury" rule or create an exception for post-traumatic stress disorder; the court noted that although some courts have criticized the requirements, other states, including Kansas, still require some objective evidence of emotional injury, and it concluded that such a requirement was not unreasonable. *See Ware*, 39 Kan. App. 2d at 411, 180 P.3d at 619.

8

1282, 1292 (D. Kan. 2005) (Lungstrum, J.) (plaintiff did not show physical injury, but only generalized symptoms of nausea, insomnia, nightmares, vomiting, difficulty eating, crying, fatigue, pain, stomach pain, diarrhea, muscle pain, depression, and suicidal thoughts).

Indeed, Dr. Diaz summed up his description of decedents' physical condition by stating that they were "feeling physical symptoms associated with essentially a panic about impending death." Kansas courts have made clear that such generalized symptoms of panic or fright are not sufficient to permit recovery for negligently-inflicted emotional distress.

The Court also rejects plaintiffs' argument that in *Ware* the Kansas Court of Appeals liberalized or relaxed the "physical injury" requirement by its reference to the requirement of "physical injury or physical manifestation." *See Ware*, 39 Kan. App. 2d at 409, 180 P.3d at 618. In that case, the court did not suggest any intent to alter the rule, which it applied, that the plaintiff must establish a "qualifying physical injury under Kansas law." *See id.* at 401, 180 P.3d at 613. Moreover, in *Ware* the court held that various physical symptoms exhibited by the plaintiff in that case did not satisfy the requirement of a physical injury. *See id.* at 401-02, 180 P.3d at 614. Clearly, the *Ware* court did not adopt a new rule by which any physical manifestation or symptom of emotional distress may satisfy the "physical injury" requirement.

In summary, the Court concludes that plaintiffs have not offered any evidence that decedents suffered physical injury at the time of or as a result of the alleged pre-impact

emotional distress. Accordingly, under existing Kansas law, plaintiffs may not recover for such emotional distress.

Plaintiffs question whether the Kansas Supreme Court, if faced with the question, might permit recovery for negligently-induced, pre-impact emotional distress without physical injury resulting from that distress. In *Fogarty v. Campbell 66 Express, Inc.*, 640 F. Supp. 953 (D. Kan. 1986) (O'Connor, J.), the court rejected that same argument in a case involving a collision between vehicles. In *Fogarty*, the court noted the Kansas rule that there can be no recovery unless the emotional distress "is accompanied by or results in physical injury," and it considered the question whether the collision itself may constitute the physical injury that "accompanies" the pre-impact emotional distress, thereby permitting recovery for the emotional distress. *See id.* at 956. The Court noted that recovery had only been permitted in Kansas cases involving prior or contemporaneous physical injury, and that no decision had involved subsequent physical injury not actually caused by the emotional distress. *See id.* at 956-57. The court reviewed cases in which courts had permitted such recovery for pre-impact emotional distress, but it noted that none of those courts adequately addressed the purposes for the "physical injury" rule noted by the Kansas Supreme Court and listed in the Restatement comment. *See id.* at 958-62. The court concluded:

> Having canvassed the relevant decisions from other jurisdictions, we have found no court that has cogently explained why the Restatement factors ought now to be discounted. In Kansas, where the impact rule has been rather strictly construed, this lack of contrary analysis is especially important. Moreover our conclusion that Kansas law would not permit

10

> plaintiff to recover for decedent's pre-impact emotional distress is further buttressed by the Kansas Supreme Court's stringent attitude toward claims for *intentional* infliction of emotional distress (the tort of outrage).

*Id.* at 961-62. The court thus predicted that the Kansas Supreme Court would follow other courts that refuse to permit recovery for pre-impact emotional distress in the absence of contemporaneous or resultant physical injury. *See id.* at 957, 962.

The *Fogarty* court went on to state that its conclusion "should not be read as an endorsement of the current legal doctrine in this area," and that it would be "logical" to allow recovery for any provable emotional distress. *Id.* at 962-63. Nevertheless, the court applied the law as it believed the Kansas Supreme Court would:

> At the present time, however, we have no indication that the Kansas Supreme Court is prepared to jettison its recently reaffirmed rules restricting recovery for emotional distress. So long as those rules remain in force, their internal logic requires that we deny plaintiff's claim for negligently induced, pre-impact emotional distress not itself resulting in physical injury. If those rules are discarded, such an announcement should properly come from the Kansas Supreme Court.

*Id.* at 963.

Subsequently, in *St. Clair v. Denny*, 245 Kan. 414, 781 P.2d 1043 (1989), the Kansas Supreme Court did face a claim for pre-impact emotional distress. The supreme court noted the holding of *Fogarty*, but it concluded that because there was insufficient evidence in its case that the decedent actually suffered any emotional distress prior to impact, it was "not necessary to test the accuracy of Judge O'Connor's prediction" that the supreme court would not allow recovery for pre-impact emotional distress absent resulting physical injury. *See id.* at 424, 781 P.2d at 1050. Since *St. Clair*, Kansas state

11

courts have not addressed the issue of pre-impact emotional distress.

This Court did address the issue in *Cochrane v. Schneider National Carriers, Inc.*, 968 F. Supp. 613 (D. Kan. 1997) (Lungstrum, J.). In *Cochrane*, in light of the absence of contrary Kansas authority, the Court adopted the "extremely well-reasoned opinion by Judge O'Connor in *Fogarty*," and concluded for the same reasons that "the Kansas Supreme Court would not at this time recognize plaintiffs' claim for damages for negligently induced, pre-impact emotional distress." *See id.* at 617; *see also Brewer v. Board of County Comm'rs of Coffey County, Kan.*, 2007 WL 2013561, at *4 (D. Kan. July 10, 2007) (Murguia, J.) (following *Fogarty* in dismissing claim for pre-impact emotional distress).

In the present case, plaintiffs have not specifically argued that this prediction by Judge O'Connor and this Court concerning a likely ruling by the Kansas Supreme Court is wrong. Rather, they argue simply that the Court should certify the question to the Kansas Supreme Court so that that court might have yet another opportunity to reject the analysis in *Fogarty*. *See* K.S.A. § 60-3201 *et seq.* (Uniform Certification of Questions of Law Act).

The Court declines plaintiffs' request. Plaintiffs have not offered any reasons why the analysis offered in *Fogarty* and adopted in *Cochrane* might be flawed or why a different conclusion should have been reached. Plaintiffs have not analyzed Kansas law or even cited to any Kansas cases that might suggest that the supreme court would actually rule in plaintiffs' favor on this issue. Plaintiffs suggest that the weight of

authority supports allowing recovery for pre-impact emotional distress, but they cite cases from only nine other jurisdictions, and many of those cases preceded or were dismissed in *Fogarty*. Plaintiffs have certainly not shown that the overwhelming majority of states allow such damages, or that there is even a predominant trend. It is true that a few courts since *Fogarty* have ruled in favor of recovery on this issue, but none of those courts adequately explained why the reasons given in the Restatement for the physical injury requirement are no longer valid. *See, e.g.*, *In re Jacoby Airplane Crash Litig.*, 2006 WL 3511162, at *2-5 (D.N.J. 2006) (basing ruling on analysis of New Jersey law); *Monk v. Dial*, 441 S.E.2d 857, 859 (Ga. Ct. App. 1994) (citing Georgia case from 1860 for conclusion that the physical injury need not precede the mental pain and suffering in anticipation of a collision); *Beynon v. Montgomery Cablevision Ltd. Partnership*, 718 A.2d 1161, 1179-83 (Md. 1998) (cases permitting recovery fit better with the Maryland Supreme Court's previous liberalization of the physical injury rule); *Nelson v. Dolan*, 434 N.W.2d 25, 31 (Neb. 1989) (following cases that have allowed recovery, no reason to distinguish pre-impact conscious mental anguish from conscious post-injury pain and mental anguish, for which recovery is permitted). Thus, the *Fogarty* analysis is still sound, and there is no basis found in the more recent cases from other jurisdictions to suggest that the Kansas Supreme Court would now reject the rationale for the physical injury requirement.

The Court also notes that not all recent cases support plaintiffs, as courts in Kentucky and Massachusetts have refused to allow recovery for pre-impact emotional

13

distress since *Fogarty* was decided. *See Steel Technologies, Inc. v. Congleton*, 234 S.W.3d 920, 929-30 (Ky. 2007); *Gage v. City of Westfield*, 532 N.E.2d 62, 71 (Mass. Ct. App. 1988). Nor have plaintiffs shown that the Kansas Supreme Court's stringent attitude about recovery for intentionally-induced emotion distress, noted by the court in *Fogarty*, has changed in recent years. The Kansas Supreme Court has also described recovery for negligently-induced emotional distress as "limited". *See Hopkins*, 237 Kan. at 612, 702 P.2d at 320. In *Ware*, decided only last year, the Kansas Court of Appeals refused to create an exception to the physical injury requirement, noting that the requirement is still in effect in Kansas and is not unreasonable, despite some criticism of the rule. *See Ware*, 39 Kan. App. 2d at 411, 180 P.3d at 619.

For these reasons, the Court reaffirms its belief that the Kansas Supreme Court would not permit recovery for negligently-induced, pre-impact emotional distress in the absence of a physical injury caused by or contemporaneous with that distress. Plaintiffs have not offered any reason why the Kansas Supreme Court would in fact rule to the contrary. Accordingly, the Court denies plaintiffs' motion and declines to certify a question on this issue to the Kansas Supreme Court. *See Hartford Ins. Co. of the Midwest v. Cline*, 427 F.3d 715, 716 (10th Cir. 2005) (certification is within the discretion of the federal court) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974)); *Pehle v. Farm Bureau Life Ins. Co.*, 397 F.3d 897, 900 n.1 (10th Cir. 2005) (certification is not compelled, even if issue is novel and state law is unsettled).

Because plaintiffs have not provided evidence that decedents suffered a pre-

impact physical injury in this case, they may not recover on their survival claims for pre-impact emotional distress. Summary judgment is awarded in favor of defendant on those claims.

IT IS THEREFORE ORDERED BY THE COURT THAT Plaintiffs' Motion for Partial Summary Judgment and Plaintiffs' Alternative Motion to Certify Question to Supreme Court of Kansas (Doc. # 141) is **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's motion for summary judgment (Doc. # 147) is **granted**, and defendant is awarded summary judgment on plaintiffs' survival claims for pre-impact emotional distress.

IT IS SO ORDERED.

Dated this 5th day of October, 2009, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge